IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREAS JEJUAN SMITH,        ) | |
| )  | |
| Petitioner,        ) | |
| )  | |
| v.        ) | Civil Action No. 2:10cv934-MHT |
| )  | (WO) |
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Respondent.        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Andreas Jejuan Smith ("Smith") asks this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.   BACKGROUND**

On April 2, 2008, a jury found Smith guilty of bank robbery, in violation of 18 U.S.C. § 2113(a), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Sentence was imposed on May 20, 2009, with Smith receiving a term of 153 months' imprisonment on the bank-robbery conviction and a concurrent term of 120 months' imprisonment on the firearm-possession conviction.

Smith appealed to the Eleventh Circuit, challenging the sufficiency of the evidence supporting his bank-robbery conviction and the district court's consideration of acquitted

conduct[1] in imposing his sentence. In addition, Smith argued that his sentence was substantively unreasonable. On March 15, 2010, the appellate court affirmed Smith's conviction and sentence. *United States v. Smith*, 370 Fed. App'x 29 (11th Cir. 2010). Smith did not seek certiorari review by the Supreme Court.

On or around November 2, 2010, Smith filed this *pro se* § 2255 motion, in which he asserts the following claims:

1. There was insufficient evidence to convict him of bank robbery and being a felon in possession of a firearm.

2. The eyewitness testimony of Annette Gurley and Daniel Robinson was unreliable, because (a) Gurley gave conflicting, uncertain descriptions of the robber and first identified someone else as the robber and (b) Robinson did not positively identify Smith in the photographic lineup shown to him.

3. His sentence was improperly enhanced for an assault on a United States Marshal, because the alleged assault was not proved by a preponderance of the evidence.

4. The Government improperly used acquitted conduct to enhance his sentence.

5. The prosecutor committed misconduct by knowingly presenting false statements by Willie Jackson and Garland Clark to the grand jury to secure a "false affidavit" to obtain Smith's indictment.

6. His sentence was improperly enhanced for second-degree

---

[1] Two of the counts in the four-count indictment charged Smith with using a deadly or dangerous instrument to assault law enforcement officials while they were engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(b), and using and carrying a firearm in furtherance of the assault on law enforcement officials, in violation of 18 U.S.C.§ 922(g)(1). The jury acquitted him on those counts.

                murder when he was never charged with or convicted of second-degree murder.

7. The district court should have severed the charges against him so that "certain interlocutory orders [could] become final."

8. Detective Hill presented false testimony at trial during cross-examination when he stated that Smith was the only person who fit the description of the robber given by the eyewitnesses.

9. The district court should have dismissed the charges against him on grounds of double jeopardy.

10. Trial counsel rendered ineffective assistance of counsel by (a) failing to challenge Smith's indictment and prosecution on grounds of double jeopardy and (b) failing to request an evidentiary hearing to challenge "issues of fact and law" regarding "materials of DNA," fingerprints, "clear pictures," and other physical and psychological evidence.

11. Appellate counsel rendered ineffective of counsel when he failed to do as Smith requested on appeal.

Doc. No. 1 at 4-9; Doc. No. 1-2 at 5.[2]

The Government answers that Smith's claims are either procedurally barred or meritless, or both. Doc. No. 12. Smith was allowed an opportunity to respond to the Government's answer and has done so. Doc. No. 17. Based on consideration of the parties' submissions, the record, and the applicable law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Smith's § 2255 motion should be denied.

---

[2] Unless otherwise indicated, references to document numbers are to those assigned by the Clerk of Court. Page references are to those assigned by CM/ECF.

## II.  DISCUSSION

**A.   General Standard of Review**

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited. A federal prisoner is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must

be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

## B.   Substantive Claims Raised and Resolved on Direct Appeal

The following claims presented in Smith's § 2255 motion were also raised on direct appeal, where they were decided adversely to Smith by the appellate court:

1. There was insufficient evidence to convict Smith of bank robbery. *See* Doc. No. 1 at 5; *United States v. Smith*, 370 Fed. App'x 29, 35-36 (11th Cir. 2010).

2. The eyewitness testimony of Annette Gurley and Daniel Robinson was unreliable, because (a) Gurley gave conflicting, uncertain descriptions of the robber and first identified someone else as the robber and (b) Robinson did not positively identify Smith in the photographic lineup shown to him. *See* Doc. No. 1 at 5; 370 Fed. App'x at 36.[3]

3. Smith's sentence was improperly enhanced for an assault on a United States Marshal, because the alleged assault was not proved by a preponderance of the evidence. *See* Doc. No. 1 at 7; 370 Fed. App'x at 36-38.

4. The Government improperly used acquitted conduct to enhance Smith's sentence. *See* Doc. No. 1 at 7; 370 Fed. App'x at 36-38.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has

---

[3] In his appeal, Smith presented these same arguments in support of his claim that there was insufficient evidence to convict him of bank robbery.

5

previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*. The Eleventh Circuit found Smith claims to be meritless and decided the attendant issues adversely to him. *See* 370 Fed. App'x at 35-38. Because these claims were raised and resolved in Smith's direct appeal, this court will not reconsider the claims here. *Nyhuis*, 211 F.3d at 1343.

### C.   Substantive Claims Not Raised on Direct Appeal

Smith's § 2255 motion contains these substantive claims, which were not raised on direct appeal:

1.   There was insufficient evidence to convict Smith of being a felon in possession of a firearm. *See* Doc. No. 1 at 5.

2.   The prosecutor committed misconduct by knowingly presenting false statements by Willie Jackson and Garland Clark to the grand jury to secure a "false affidavit" to obtain Smith's indictment. *Id*.

3.   Smith's sentence was improperly enhanced for second-degree murder when he was never charged with or convicted of second-degree murder. *Id*. at 7.

4.   The district court should have severed the charges against Smith so that "certain interlocutory orders [could] become final." *Id*.

5.   Detective Hill presented false testimony at trial during cross-examination when he stated that Smith was the only person who fit the description of the robber given by the eyewitnesses. *See* Doc. No. 1-2 at 5.

>    6.    The district court should have dismissed the charges against
>          Smith on grounds of double jeopardy.  *See* Doc. No. 1 at 8-9.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred from review in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234–35 (quoting *Mills*, 36 F.3d at 1055).

With the arguable exception of his double jeopardy claim,[4] Smith does not attempt to establish cause for his procedural default of the above-listed substantive claims. Further, although he maintains that he has "raised several claims centered around 'actual innocence' that will also excuse him from any procedural default" (Doc. No. 17 at 2), Smith's arguments in this regard are the same sufficiency-of-the-evidence arguments he presented on direct appeal and which were rejected by the appellate court. "'[A]ctual innocence'

---

[4] This issue is discussed below.

means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Smith's arguments regarding his "actual innocence" do not rely on any new evidence and are merely attempts to relitigate the legal sufficiency of the evidence to support his convictions. *See Bousley*, 523 U.S. at 623. Smith's failure to present a viable claim of actual innocence, combined with his failure to show cause for not raising his other claims of error on direct appeal, prevents him from overcoming procedural default; consequently, his substantive claims raised for the first time in his § 2255 motion are procedurally barred from review.

Smith's § 2255 motion contains an independent claim of ineffective assistance of counsel based on his trial counsel's failure to challenge his indictment and prosecution as being in violation of the Double Jeopardy Clause. *See* Doc. No. 1 at 4. Ineffective assistance of counsel may satisfy the "cause" exception to a procedural bar, *see Greene*, 880 F.2d at 1305, but only if the ineffective-assistance claim is meritorious. *Id*. To determine if an ineffective-assistance claim is meritorious, the court must determine if the underlying substantive claim is meritorious, as counsel is not ineffective for failing to raise a meritless claim. *See Nyhuis*, 211 F.3d at 1344. Because this court concludes, as discussed more fully below (*see* Part II.D.1), that Smith's double jeopardy claim is meritless, and thus his trial

8

counsel was not ineffective for failing to raise the claim, Smith fails to demonstrate cause for the procedural default of his double jeopardy claim.[5]

## D.   Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184

---

[5] Even if some of the vague statements in Smith's § 2255 motion were to be construed as assertions that the ineffective assistance of his appellate counsel constituted cause for his failure to raise his remaining substantive claims on direct appeal, Smith would be unable to satisfy the "cause" standard, because he wholly fails to demonstrate the merit of any of these substantive claims. Smith presents absolutely no supporting argument for his claim that there was insufficient evidence to convict him of being a felon in possession of a firearm. *See* Doc. No. 1 at 5. Likewise, Smith presents no argument or evidence to support his claim that he prosecutor knowingly presented false statements by Willie Jackson and Garland Clark to the grand jury. *Id*. Smith's claim that his sentence was improperly enhanced for second-degree murder, *see id*. at 7, is factually inaccurate; he was never charged with or convicted of second-degree murder. While the district court, in imposing his sentence, considered the conduct underlying his indictment on state charges of *attempted* murder (which conduct was also the basis of the counts in his federal indictment of which he was acquitted), Smith's counsel, both at sentencing and on appeal, did in fact challenge the court's consideration of this conduct in imposing his sentence. Both the district court and the appellate court rejected this argument, however. Next, Smith presents no supporting argument for his claim that the district court should have severed the charges against him so that "certain interlocutory orders [could] become final." *Id*. Finally, Smith does not show that Detective Hill presented false testimony during cross-examination at trial. *See* Doc. No. 1-2 at 5. During cross-examination of Hill, Smith's trial counsel demonstrated only that Hill's recollection of part of his prior testimony at a suppression hearing was inaccurate. This falls far short of showing Hill provided "false testimony" or that the Government knowingly presented false testimony. Further, because the conflict in Hill's testimony was made known to the jury, Smith could not possibly have been prejudiced under the circumstances.

9

(1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). A "reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*., 466 U.S. at 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted

significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. Trial Counsel's Failure to Challenge Indictment and Prosecution on Grounds of Double Jeopardy

Smith contends that his trial counsel rendered ineffective assistance of counsel by failing to challenge Smith's indictment and prosecution on grounds of double jeopardy. *See* Doc. No. 1 at 4 & 8-9. Smith maintains that if his counsel had raised this double jeopardy defense, the district court would have ruled in his favor and dismissed the charges against him, just as the state trial court did with attempted-murder charges that were brought against Smith in state court based on the same conduct forming the basis of the counts in his federal indictment charging him with using a gun in an assault on a United States Marshal.[6] *Id*. The jury in this case acquitted Smith on those two counts of the four-count indictment, although the district court considered the conduct underlying those charges in imposing Smith's sentence.

Smith's double jeopardy claim is meritless. Even if his federal and state prosecutions were based on the same underlying conduct, offenses charged by different sovereigns are

---

[6] The record indicates that the State of Alabama issued warrants against Smith on the attempted-murder charges shortly before his federal prosecution was initiated and that an indictment on the charges was returned by the State of Alabama after the jury returned its verdicts in Smith's federal trial but before Smith's federal sentencing.

different for double jeopardy purposes.  *Heath v. Alabama*, 474 U.S. 82, 106 (1985); *see also United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360-61 (11th Cir. 1004); *United States v. Woods*, 216 Fed. App'x 931, 938 (11th Cir. 2007).[7]  Smith's double jeopardy claim lacks merit, thus it is axiomatic that his counsel could not be ineffective for failing to raise the claim.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel cannot be ineffective for failing to raise a meritless issue).  *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

### 2. *Trial Counsel's Failure to Request Evidentiary Hearing*

Smith contends that his trial counsel was ineffective for failing to request an evidentiary hearing to challenge "issues of fact and law" regarding "materials of DNA," fingerprints, "clear pictures," and other physical and psychological evidence.  Doc. No. 1 at 4.  Smith, however, neglects to elaborate in any way on this claim.  He points to no specific benefit to his defense that his counsel might have obtained by requesting an evidentiary hearing addressed to the matters in question.  In an affidavit addressing Smith's claim, his former trial counsel states that "all government evidence was vigorously challenged through cross-examination, defense testimony/evidence, and expert testimony."  Doc. No. 9 at 4.  Weighing Smith's conclusory allegations against the averments of his former counsel, and considering the record evidence supporting counsel's contention that

---

[7] The Alabama Court of Criminal Appeals recognized this "doctrine of dual sovereignty" in reversing the state trial court's ruling dismissing the state attempted-murder charges brought against Smith.  *See State v. Smith*, 46 So. 3d 14, 16-17 (Ala. Crim. App. 2010).

he vigorously challenged the Government's case, the court finds that Smith has failed to show that counsel's performance in this regard was deficient or that he was prejudiced by counsel's performance. *See Strickland*, 466 U.S. at 687-89. Therefore, Smith is not entitled to any relief based on this claim of ineffective assistance of counsel

### 3. *Appellate Counsel's Failure to Do as Smith Requested*

Finally, Smith alleges that his appellate counsel rendered ineffective because he did not do as Smith requested on appeal. *See* Doc. No. 1 at 7. Smith's claim in this regard is devoid of specifics, and Smith fails to point to (much less demonstrate) a single meritorious issue that his counsel should have raised on appeal, but did not.

The attorney who represented Smith at sentencing and on direct appeal filed a detailed affidavit with this court addressing Smith's suggestion that there were meritorious issues counsel neglected to argue on appeal. *See* Doc. No. 11. Counsel's affidavit provides, in pertinent part, as follows:

> 3. Mr. Smith asserts that the undersigned counsel's representation was ineffective. The undersigned represented the Defendant at Sentencing and on Appeal. After reviewing Mr. Smith's petition, it appears that his claims are unclear and frivolous in nature.
>
> 4. <u>Smith's Ground One</u>: There was no double jeopardy issue to invoke at Sentencing or on Appeal as there were no other charges against Mr. Smith by any other Federal Court. However, since the Federal prosecution, the State of Alabama indicted Mr. Smith on Attempted Murder (the basis of the acquitted conduct). Mr. Smith's double jeopardy claim is without merit.
>
> 5. <u>Smith's Ground Two</u>: The undersigned on Appeal raised the issue of Sufficiency of the Evidence on the bank-robbery conviction and for the

13

    possessing-a-firearm-during-a-crime-of-violence conviction. These convictions were affirmed. The undersigned did not represent the Defendant at trial.

6.  <u>Smith's Ground Three</u>: This attorney strenuously argued against Mr. Smith being sentenced on acquitted conduct, and again on appeal, and at oral argument. This Circuit's long-standing precedent directs that "[r]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997); *United States v. Hristov*, 466 F3.d 949, 954 n.6 (11th Cir. 2006) (district court's determination of relevant conduct is governed by the preponderance of the evidence standard rather than the more demanding standard of proof beyond a reasonable doubt). The Supreme Court explained, in *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 636 (1997), that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." This claim of improper sentencing is without merit.

7.  <u>Smith's Ground Four</u>: Mr. Smith's claim that the Federal Court committed "Double Jeopardy" is completely without merit and is frivolous as there were no other pending Federal charges against Mr. Smith. However, Mr. Smith was indicted by the State of Alabama on the acquitted conduct (Attempted Murder). The State of Alabama at present is appealing the dismissal of the Attempted Murder charges. The State of Alabama can prosecute and this is not a "Double Jeopardy" issue.

Doc. No. 11 at 1-3.

  The averments in counsel's affidavit are well taken and are fully supported by the record. While Smith, in presenting this claim, fails to forthrightly point to, or present supporting arguments for, any claim counsel supposedly should have raised on appeal, counsel's affidavit susses out possible claims from Smith's vague allegations and establishes

14

that such claims are not meritorious. Smith's vague and conclusory allegations are insufficient to show that his appellate counsel's performance was in any way deficient or that he was prejudiced by counsel's performance. *Strickland*, 466 U.S. at 687-89. Therefore, Smith is not entitled to relief based on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Smith be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 18, 2013. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 4th day of March, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE